**UNITED STATES of America,**
**Plaintiffs,**

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, et al.,**
**Defendants.**

**No. 88 Civ. 4486 DNE.**

United States District Court,
S.D. New York.

July 12, 1999.

## OPINION & ORDER

EDELSTEIN, District Judge.

### BACKGROUND

This opinion emanates from the voluntary settlement of an action commenced by the United States of America against, *inter alia*, the International Brotherhood of Teamsters ("IBT") or "the union" and the IBT's General Executive Board ("GEB"). The settlement is embodied in the voluntary consent order entered March 14, 1989 ("Consent Decree"). The goals of the Consent Decree are to rid the IBT of the hideous influence of organized crime and establish a culture of democracy within the union. The long history of this case has been set forth in this Court's numerous prior opinions. Accordingly, only those facts necessary for resolving the instant matter shall be set forth.

Currently before this Court is Application LXV of the Independent Review Board ("IRB") ("Application LXV"), dated May 25, 1999. In Application LXV, the IRB requests that this Court affirm the IRB's May 24, 1999 decision.

### FACTS

On August 4, 1997, the Independent Review Board ("IRB") recommended to International Brotherhood of Teamsters Joint Council 42 ("Joint Council") that it file charges against Local 848 Secretary–Treasurer James Santangelo ("Santange-lo") and Local 848 President Richard Middleton ("Middleton") based upon their creation of a Severance Payment Plan (the "Plan") and the payment of money to themselves and others under the Plan in violation of Local 848's Bylaws. *See* Proposed Charges against Local 848 Officers James Santangelo and Richard Middleton (August 4, 1997) at 1. The IRB alleged that Santangelo and Middleton had brought reproach upon the IBT in violation of Article II, Section 2(a) and Article XIX, Section 7(b)(1), (2) and (3) of the IBT Constitution, and had breached their fiduciary duties to Local 848 members by directly and indirectly making illegal interest free loans in the form of advanced severance payments to themselves and Local 848 Recording Secretary Arlene Praw, in violation of 29 U.S.C. § 503(a). *See id.*

At the time Santangelo and Middleton created the Plan, Local 848's Bylaws provided for severance payments only when a member's employment had terminated. Thus, because Local 848 still employed Santangelo, Middleton and Praw at the time they received the payments, amendments to Local 848's Bylaws would have been required in order to make such payments legal. Although the amendments making such payments legal had been enacted by Local 848, the General President of the IBT had not yet approved them, and thus, they were not in effect when Santangelo, Middleton and Praw took their severance payments in July and August 1992.

By letter dated August 11, 1997, Joint Council President Michael Riley ("Riley") informed the IRB that the Joint Council filed the recommended charges against Santangelo and Middleton. *See* Letter from Michael Riley to IRB (August 11, 1997) at 1. On September 22 and 23, 1997, a Joint Council Panel (the "Panel") conducted a hearing on the charges. By decision dated October 21, 1997, the Panel determined that while the payments of the severance pay benefits were made before the IBT General President had approved the proposed Local 848 Bylaw amendment

authorizing such payments, there was no merit to the charges, and therefore, dismissed the charges. *See* Decision of the Hearing Panel on Charges Against James Santangelo and Richard Middleton Recommended by the IRB ("Panel Decision") at 12–13. Furthermore, with regard to Santangelo, the Panel held that the statute of limitations barred the charges. *See id.*

On February 24, 1998, the IRB advised the Joint Council that the IRB found the Panel Decision to be inadequate. *See* Letter from John J. Cronin, Jr., Administrator of the IRB, to Robert Lennox, Secretary–Treasurer of Joint Council 42, (February 24, 1998) at 1. Accordingly, on June 9, 1998, the Joint Council held another hearing and by decision dated June 29, 1998, the Panel affirmed its earlier decision and again dismissed the charges. *See* Supplemental Decision of the Hearing Panel on Charges Against James Santangelo and Richard Middleton Recommended by the IRB ("Supplemental Panel Decision") at 13.

On August 13, 1998, the IRB notified the Joint Council that the IRB found the Supplemental Panel Decision to be inadequate. *See* Letter from John J. Cronin, Jr., Administrator of the IRB to Robert Lennox, Secretary–Treasurer of Joint Council 42, (August 13, 1998) at 1. The IRB determined that it would conduct a hearing *de novo* on the charges against Santangelo and Middleton as provided in the March 14, 1989 Consent Order in *United States v. International Bhd. of Teamsters*, 88 Civ. 4486 (S.D.N.Y.). *See* Letter from John J. Cronin, Jr., Administrator of the IRB to James Santangelo and Richard Middleton (September 10, 1998) at 1. Additionally, on March 19, 1999 the IRB received a letter from counsel for Santangelo and Middleton listing certain undertakings that Local 848 would institute in order to prevent a similar failure to abide by the Local's Bylaws and uphold fiduciary duties in the future. Letter from Baptiste and Wilder to IRB (March 13, 1999) ("Baptiste & Wilder Let-

ter") at 2–3. Those undertaking are as follows:

(1) The minutes of Executive Board and membership meetings shall set forth in more detail the descriptions of the reports of officers and the issues discussed. (2) Although all officers are ultimately responsible, the Local Union Executive Board shall designate one officer to review, prior to implementation, every action of the Executive Board and membership to assure compliance with the Bylaws and the [IBT] Constitution. (3) The Local Union shall promptly schedule a seminar for all Local 848 stewards to educate them and heighten their sensitivity to fiduciary responsibility and other compliance issues. (4) A seminar shall be held for all Joint Council 42 delegates, representing [nineteen] Locals, at the April [1999] meeting to educate them and heighten their awareness of fiduciary responsibility issues, including compliance with their bylaws and the [IBT] Constitution, as well as the consequences that flow from failing to fully comply.

*Id.*

In October 13, 1998, and on November 10, 1998, the IRB hearing was held before IRB member Honorable Frederick B. Lacey. The IRB issued its decision on May 24, 1999, finding that the statute of limitations had not run as to Santangelo; and that the charges against Santangelo and Middleton were proved. *See* Opinion and Decision of the IRB. In re: James Santangelo, Secretary–Treasurer and Richard Middleton, President of Local 848 ("IRB Decision") (May 24, 1999) at 26, 29. As a penalty, the IRB imposed the following sanctions on Santangelo and Middleton:

A) Respondents and their counsel, if they have not already done so, will immediately implement the corrective action that they proposed to take in their counsel's letter of March 19, 1999, as set forth in this opinion at p. 28; and their counsel will provide the [IRB] with documentary evidence

that the corrective action has been undertaken. Compliance with this directive is to occur by July 1, 1999.

B) Respondents are to pay to Local 848 by July 1, 1999, the following sums as a penalty for the violations that were the subject of this Opinion and Decision:

Santangelo ................ $2,000
Middleton ................. $1,000

*Id.* at 28–29.

Pursuant to Paragraph O. of the Rules of Procedures for Operation of the IRB, the IRB submitted Application LXV on May 25, 1999 for a ruling by this Court on the IRB Decision.

### Discussion

 It is well established that the findings of the IRB, as the successor to the Independent Administrator, are entitled to "great deference." *See United States v. IBT ("Friedman & Hughes")*, 905 F.2d 610, 616 (2d Cir.1990). In reviewing IRB disciplinary actions, this Court has held that the "arbitrary and capricious" standard of review is applicable. *United States v. IBT ("Portal")*, 908 F.Supp. 139, 143 (S.D.N.Y.1995). Paragraph O. of the IRB Rules provides that "[i]n reviewing actions of the IRB, this Court shall apply the same standard of review applicable to review of final agency action under the Administrative Procedure Act." *See* Rules and Procedures for Operation of the Independent Review Board for the International Brotherhood of Teamsters, ¶ O. Furthermore, the Second Circuit has held that "the [Administrative Procedure Act] generally allows the reviewing court to set aside action only when it is arbitrary and capricious, an abuse of discretion or not in accordance with law." *United States v. IBT ("Wilson")*, 978 F.2d 68, 72 (2d Cir. 1992).

Santangelo and Middleton have not submitted any papers in opposition to the IRB Decision. This Court, having reviewed the IRB's May 24, 1999 Opinion and Decision and all accompanying exhibits, finds that the charges against Santangelo and Middleton have been proved by a preponderance of the evidence. There is nothing in the IRB Decision that could be construed as arbitrary and capricious, an abuse of discretion, or unwarranted in law. Furthermore, having reviewed the sanctions the IRB imposed, this Court finds that the sanctions are proportionate to the severity of the misconduct of which Santangelo and Middleton are guilty.

### Conclusion

Based upon the foregoing, Application LXV of the IRB is Granted and the IRB Decision is Affirmed in all respects.

SO ORDERED